**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ada Nwokedi,

                                    **Plaintiff,**

                -against-

Walgreen Co. and Duane Reade,

                                    **Defendants.**

**1:25-cv-09687 (DEH) (SDA)**

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE DALE E. HO, UNITED STATES DISTRICT JUDGE:**

Before the Court is a motion by *pro se* Plaintiff Ada Nwokedi ("Plaintiff") to "deny the venue change requested by" Defendants Walgreen Co. ("Walgreens") and Duane Reade (together, "Defendants"), which the Court construes as a motion to remand this action to the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1447. (Pl.'s Mot. to Deny Venue Change, ECF No. 12.) For the reasons set forth below, it is respectfully recommended that Plaintiff's motion be DENIED.

## BACKGROUND

On or about October 8, 2025, Plaintiff filed a Verified Complaint in the Supreme Court of the State of New York, New York County, against Walgreens asserting claims for, *inter alia*, wrongful termination. (*See* State Compl., ECF No. 1-1.) On or about October 14, 2025, Plaintiff filed an Amended Verified Complaint adding Duane Reade as a defendant. (Am. State Compl.,

ECF No. 1-2.) Walgreens was served on November 4, 2025 and, on November 24, 2025, removed the action to this Court. (*See* Notice of Removal, ECF No. 4.[1])

On November 26, 2025, Plaintiff filed the motion to remand that is now before the Court. On December 17, 2025, Defendants filed their opposition papers. (*See* Defs.' 12/17/25 Opp. Mem., ECF No. 17; Lim Decl., ECF No. 18.)

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendants to the district court of the United States for the district "embracing the place where such action is pending." 28 U.S.C. § 1441(a). An action may be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), which requires that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states, as long as the defendants are not citizens of the state in which the action is brought. 28 U.S.C. §§ 1332(a), 1441(a). After removal to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Silverman v. Citibank, N.A.*, No. 22-CV-05211 (GHW), 2023 WL 2753055, at *2 (S.D.N.Y. Mar. 31, 2023). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citations omitted). A motion to remand to state court pursuant to 28 U.S.C. § 1447 is a dispositive

---

[1] The initial Notice of Removal filed on November 20, 2025 was rejected by the Clerk of Court as deficient. A corrected Notice of Removal was filed on November 24, 2025.

motion. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (holding that a motion to remand is not a pretrial matter under section 636(b)(1)(A), and thus a magistrate judge presented with a remand motion should issue a report and recommendation).

## DISCUSSION

Plaintiff asserts that because the criteria under 28 U.S.C. § 1332(a) have been met, this action should be remanded to state court. (*See* Pl.'s Mot. to Deny Venue Change at 1; Pl.'s Decl., ECF No. 13.) Plaintiff appears to believe that the statute pertains to jurisdiction in New York Supreme Court. (*See* Pl.'s Decl. at PDF pp. 2, 4.) However, 28 U.S.C. § 1332(a) confers original jurisdiction on the federal courts and, thus, provides a basis for this Court to exercise jurisdiction over this action. Plaintiff does not dispute that Plaintiff and Defendants are citizens of different states or that the matter in controversy exceeds $75,000.00. (*See* Pl.'s Decl. at PDF p. 2 (asserting that Plaintiff is a citizen of New Jersey, Defendants are citizens of Illinois[2] and the amount in controversy exceeds $75,000.) Moreover, based upon the Notice of Removal, the Court finds that Defendants have demonstrated that removal is proper. (*See* Notice of Removal; *see also* Defs.' 12/17/25 Opp. Mem. at 5-7.)

---

[2] In the Notice of Removal, Defendants state that they are citizens of Illinois and Delaware, where they are incorporated. (Notice of Removal ¶¶ 13-15.) Plaintiff disputes that Duane Reade is a citizen of Delaware. (*See* Pl.'s Decl. at PDF p. 3.) In opposition to Plaintiff's motion, Defendants have provided proof that Duane Reade is a New York general partnership and that one of the general partners of Duane Reade (*i.e.*, Duane Reade, Inc.) is a corporation that is incorporated in Delaware. (*See* Lim Decl. ¶¶ 4-5.) "[T]he long-standing rule [is] that, for purposes of diversity jurisdiction, the court looks to the citizenship of the partners." *Minard v. Pareto Partners*, No. 04-CV-00741 (CSH), 2005 WL 1773673, at *1 (S.D.N.Y. July 26, 2005) (quoting *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880, 883 (2d Cir. 1970)). A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Defendants have established that Duane Reade is a citizen of Delaware. In any event, whether or not Duane Reade is a citizen of Delaware does not impact diversity jurisdiction, since there is no suggestion in the record that either Defendant is a citizen of New Jersey, where Plaintiff resides.

**CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion to remand (ECF No. 12) be DENIED.

**SO ORDERED.**

Dated:      New York, New York
              December 19, 2025

_____
STEWART D. AARON
United States Magistrate Judge

        \*        \*        \*

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Ho.

**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn,* 474 U.S. 140 (1985).